UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSI AKIM MAIDU OF TAYLORSVILLE RANCHERIA,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; RYAN ZINKE, in his official capacity as Secretary of the Interior; MICHAEL S. BLACK, in his official capacity as Acting Assistant Secretary for Indian Affairs of the United States Department of the Interior; and DOES 1 to 100,<br>                Defendants. | No. 2:17-cv-01156-TLN-CKD<br><br>**ORDER** |

      This matter is before the court pursuant to Defendant United States Department of the Interior, Defendant Ryan Zinke, and Defendant Michael S. Black's (collectively "Defendants") February 25, 2019, Motion to Dismiss. (ECF No. 35.) Plaintiff Tsi Akim Maidu of Taylorsville Rancheria ("Plaintiff") filed an Opposition to the Motion to Dismiss on March 21, 2019. (ECF No. 36.) Defendants filed a Reply on April 10, 2019. (ECF No. 39.) For the reasons set forth below Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.

///

///

I. **Factual and Procedural Background**

In 1958, the Department of the Interior was authorized to distribute the assets of forty-one rancherias to "individual Indians" under the California Rancheria Act ("CRA"). (ECF No. 1 at 5.) Defendants allegedly sold the Taylorsville Rancheria under the CRA in 1966. (*Id*.) Plaintiff filed its original complaint December 15, 2016, seeking a declaration from the Court that it "is a federally [recognized] tribe" and that its members "are Indians whose status have not been vanquished." (*Id*. at 7.) Specifically, Plaintiff challenged Defendants' June 9, 2015, determination that the sale of the Taylorsville Rancheria in 1966 terminated its status as a federally recognized Indian Tribe pursuant to "Congressional mandate." (*Id*. at 2.)

Defendants moved to dismiss the original claim on April 20, 2017, asserting among other things that it was time-barred by the Administrative Procedure Act's ("APA") six-year statute of limitation. (ECF No. 12.) Defendants argued Plaintiff was on notice of its loss of federal recognition since "at least 1979, when it was not included on the first published list of federally recognized tribes," and "has not been included on the list ever since." (*Id*. at 15–17.) In the alternative, Defendants argued Plaintiff knew it was not a federally recognized tribe in 1998 when it filed its letter of intent to petition for acknowledgement as an Indian tribe. (*Id*. at 16 n.4.)

This Court granted Defendants' motion to dismiss solely on the Statute of Limitations issue on January 3, 2019. (ECF No. 33.) The Court held that "the thrust of the allegations is Plaintiff was injured by its loss of federal recognition, which could be traced back to the sale of the Taylorsville Rancheria in 1966." (*Id*. at 9.) The Court found Plaintiff did not file its complaint until 2016, and therefore had not sufficiently alleged it lacked notice of its loss of federal recognition within six years prior to the filing the complaint. (*Id*.) "In fact, Plaintiff's own allegations suggest the opposite: Plaintiff apparently had actual notice of its lost tribal status when it petitioned for federal recognition in 1998." (*Id*.) By alleging Defendants "declined to restore" Plaintiff's federal recognition, Plaintiff implied it had notice of its lost tribal status before receiving Defendants' determination in 2015. (*Id*.)

///

///

The Court dismissed the complaint with leave to amend for the purpose of alleging further factual details regarding its lack of notice of adverse agency action. (*Id*.) Plaintiff filed its First Amended Complaint ("FAC") on February 4, 2019. (ECF No. 34.)

**II.     Standard of Law**

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the claims asserted in the complaint. Dismissal under this rule is "proper only where there is either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

Even under the liberal pleading standard of Rule 8(a)(2), which requires only that a party make a "short and plain statement of the claim showing that the pleader is entitled to relief," Plaintiff is required to provide the grounds for entitled relief in the form of more than "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, to defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "plead enough facts to state a claim that is plausible on its face." *Id*. at 570.

When ruling on a Rule 12(b)(6) motion, the court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.").

///

///

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments, indicating leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight System, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, if amendment would be an exercise in futility, leave should not be granted. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.")

### III.     Analysis

Defendants argue Plaintiff failed to allege additional facts to show it did not have notice of its loss of federal recognition within six years of filing its complaint and the statute of limitations was not restarted by the 2015 determination letter. (ECF No. 35 at 3.) Plaintiff argues the Motion to Dismiss should be denied because: (1) Plaintiff is seeking timely judicial review of a final agency decision within six years; (2) within six years from the publication of the Indian List Act in 1994, Plaintiff sought executive review regarding its status as a federally recognized tribe; (3) the statute of limitations is tolled while a claim is before an executive tribunal; and (4) Plaintiff is an interested third party because the sale of the Ranch in 1966 did not terminate the federal status of the Plaintiff. (ECF No. 36 at 2.) Defendants assert in their Reply that the motion to dismiss should be granted as to loss of tribal status for being outside the statute of limitations, but do not challenge the claim as to the 2015 decision of the Department of the Interior. (ECF No. 39 at 2.) Plaintiff's claim as to the loss of tribal status is time-barred, as determined in this Court's January 3, 2019 Order. Plaintiff's claim challenging the decision of the Department of the Interior in the June 9, 2015 letter is neither time-barred nor challenged by Defendants and may proceed as an APA judicial review case in the normal course.

Defendants argue Plaintiff failed to allege additional facts to prove it did not have notice of its loss of federal recognitions within six years of filing the complaints. (ECF No. 35 at 3.) Defendants assert that the FAC is nearly identical to the original and that Plaintiff again alleges the same facts this Court cited in finding Plaintiff was on notice of the loss of its tribal status in 1998, when it filed its intent to petition for acknowledgment as an Indian tribe. (*Id.*) Defendants

1 argue "none of these new allegations address, much less show, that plaintiff was not [on] notice
2 of its loss of federal tribal status until six years before filing its complaint, which is the limited
3 purpose for which the Court allowed amendment." (*Id.*) (*see also*, ECF No. 33 at 9.) According
4 to Defendants, the new allegations do not change the fact that Plaintiff was on notice of their lack
5 of tribal status as of 1979, when the first list of federally recognized tribes was published. (*Id.* at
6 3–4.) Defendants assert publication of the federally recognized tribes equates to proper notice
7 and Plaintiff making the claim in its FAC that it never lost status as a federally recognized tribe
8 establishes conclusively that its members are persons affected by the publication of the federally
9 recognized tribes. (*Id.* at 4.) Finally, Defendants assert Plaintiff's argument that the statute of
10 limitations did not run because the 2015 letter reset it should be rejected as it was in the original
11 order granting dismissal. (*Id.*)

12 Plaintiff asserts its FAC is not time-barred because Plaintiff is seeking a timely judicial
13 review of the 2015 Decision, not the loss of status itself. (ECF No. 36 at 2–3.) Moreover,
14 Plaintiff argues it was only aware of the loss of status in 1994 upon the passing of the Indian List
15 Act and it petitioned for status in 1998, which is within the statute of limitations. (*Id.* at 3.)
16 Plaintiff further argues the statute of limitations tolls during the petition process. (*Id.*) Plaintiff
17 then spends much of its opposition discussing APA standards of review. (Id. at 3–6.)

18 In their reply, Defendants assert the claim regarding loss of tribal status is time-barred by
19 the statute of limitations for the same reasons set forth in their motion to dismiss. (ECF No. 39.)
20 However, Defendants do not challenge the claim as to the 2015 decision of the Department of the
21 Interior. (*Id.*)

22 Filing a document with the Office of the Federal Register and its publication in the
23 Federal Register "is sufficient to give notice of the contents of the document to a person subject to
24 or affected by it." 44 U.S.C. § 1507; *see United States v. Wilhoit*, 920 F.2d 9, 10 (9th Cir. 1990)
25 (holding publication in the Federal Register shall act as constructive notice to those affected by
26 the regulation in question.) "Publication in the Federal Register is legally sufficient notice to all
27 interested or affected persons regardless of actual knowledge or hardship resulting from
28 ignorance." *Friends of Sierra R.R., Inc. v. I.C.C.*, 881 F.2d 663, 667–68 (9th Cir. 1989).

Plaintiff's claim as to loss of federal status is time-barred.  The only substantive changes in the FAC are Plaintiff's allegations that "members of the [Tribe] never received any notice of the alleged sale of the Ranch," and "Plaintiff's members' access to the Ranch was never terminated" because "[t]o this day, members of Plaintiff perform ceremonial and ritual gatherings on the Ranch."  (ECF No. 34 at 5.)  Arguing for the first time in its Opposition that Plaintiff first learned it was not included in the list of federally recognized tribes until 1994 is irrelevant to the statute of limitations analysis.  Plaintiff's members are persons "affected by" the publication of the lists of federally recognized tribes because Plaintiff made the claim that it "never lost its status as a federally recognized tribe."  (*Id*. at 2.)  Thus, Plaintiff was on notice as of the first publication of the list of federally recognized tribes in 1979 regardless of its claim that it was unaware until 1994 and regardless of how often it used the land.

Plaintiff was granted leave to amend to "allege further factual details regarding its lack of notice of adverse agency action."  (ECF No. 33 at 9.)  Plaintiff has failed to do so.  The first notice of adverse agency action of terminating tribal status with the sale of the Ranch in 1966 came in the form of the publication of the list of federally recognized tribes in 1979.  Plaintiff's argument regarding the sale of the Ranch is insufficient.  Therefore, Plaintiff's claim as to loss of federal status fails.

However, Plaintiff's claim as to the June 9, 2015 decision is not time-barred nor challenged by Defendants.  Because the FAC and Plaintiff's Opposition, when read together, appear to challenge the Department of the Interior's decision in its 2015 letter that Plaintiff is ineligible for Part 83 acknowledgment, this Court finds that such a claim would not be time-barred under the Administrative Procedure Act's six-year statute of limitations.  Therefore, the claim as to that decision may proceed as an APA judicial review case in the normal course.[1]

///

///

---

[1] The Court does not address the arguments put forth by Plaintiff regarding APA judicial review because an Opposition to a Motion to Dismiss is not the proper phase of litigation to make such arguments.

6

**IV.     Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part.  The motion is GRANTED as to the loss of status claim with prejudice and DENIED as to the challenge to the Department's 2015 letter denying eligibility for Part 83 acknowledgment.  The parties are directed to file a Joint Status Report within fourteen (14) days of the electronic filing of this order.

IT IS SO ORDERED.

DATED:  April 23, 2020

Troy L. Nunley
United States District Judge