UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSI AKIM MAIDU OF TAYLORSVILLE RANCHERIA,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; DAVID BERNHARDT; TARA KATUK MAC LEAN SWEENEY; and DOES 1–100,<br><br>   Defendants. | No. 2:17-cv-01156-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Federal Defendants' (collectively, "Defendants") Ex Parte Application for Order Staying Administrative Record Deadlines and Briefing Schedule. (ECF No. 47.) Plaintiff Tsi Akim Maidu of Taylorsville Rancheria ("Plaintiff") filed a response. (ECF No. 50.) Defendants filed a reply. (ECF No. 51.) For the reasons set forth below, Defendants' Ex Parte Application is GRANTED.

///

///

///

///

///

1

### I.     FACTUAL AND PROCEDURAL BACKGROUND

On April 24, 2020, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiff's first amended complaint.  (ECF No. 41.)  The Court granted the motion as to Plaintiff's loss of tribal status claim on statute of limitations grounds and dismissed that claim with prejudice.  (*Id.* at 6–7.)  The Court found that Plaintiff's claim as to the Department of the Interior's June 9, 2015 decision that Plaintiff is ineligible for Part 83 acknowledgment ("June 9, 2015 decision") was not time-barred, noting Defendants had not challenged that claim on those grounds, and the Court ruled that the claim would proceed as an APA judicial review case in the normal course.  (*Id*. at 6.)

The Court ordered the parties to submit a Joint Status Report within 14 days after entry of its order on the motion to dismiss.  (*Id.* at 7.)  The parties filed their report on May 7, 2020.  (ECF No. 43.)  Defendants stated in the Joint Status Report that they were considering whether to retract the June 9, 2015 decision and that, if they decided to do so, they would seek dismissal on grounds that the case is moot.  (*Id.*)  Plaintiff reserved the right to oppose such relief.  (*Id.*)

On May 15, 2020, the Court entered its Pretrial Scheduling Order, which requires that Defendants must lodge the Administrative Record with the Court and serve it on Plaintiff on or before July 10, 2020.  (ECF No. 44.)  Plaintiff must file any objection to the adequacy of the Administrative Record and file its opening summary judgment brief by August 7, 2020.  (*Id.*)

On May 28, 2020, the Department of the Interior notified Plaintiff's counsel of record in writing that it had retracted the June 9, 2015 decision.  In light of the retraction of the only agency decision at issue in this APA case, Defendants subsequently asked Plaintiff to stipulate to dismiss this action as moot.  (ECF No. 47-1 at ¶ 2.)  After receiving no response to this request, Defendants informed Plaintiff in writing that, if it did not want to stipulate to dismissal, Defendants intended to file a motion to dismiss on mootness grounds and to set the hearing for the next available date on the Court's calendar, which is August 6, 2020.  (*Id*. at ¶ 3.)

Given this timing, Defendants' motion will not be decided before the current July 10, 2020 Administrative Record deadline, or by the August 7, 2020 deadline for Plaintiff to object to the adequacy of the Administrative Record and to file its opening summary judgment brief.  (ECF

2

No. 44 at 2–3.)  Having received no response from Plaintiff regarding a stipulation for dismissal of this action, Defendants filed the instant application.  (ECF No. 47.)

## II. STANDARD OF LAW

In the instant case, the Pretrial Scheduling Order provides that, pursuant to Rule 16(b), the order "shall not be modified except by leave of court upon a showing of good cause."  (ECF No. 44 at 4.)  Federal Rule of Civil Procedure ("Rule") 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(3)(A).  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal citation and quotations omitted).  "The prejudice to opposing parties, if any, may provide additional grounds for denying the motion, but the focus is on the moving party's reason for seeking the modification."  *Atayde v. Napa State Hosp.*, No. 116-CV-00398-DAD-SAB, 2020 WL 1046830, at *3 (E.D. Cal. Mar. 4, 2020), reconsideration denied, No. 116-CV-00398-DAD-SAB, 2020 WL 1937395 (E.D. Cal. Apr. 22, 2020).

## III. ANALYSIS

Defendants request the Court enter an order staying the deadlines for filing the administrative record and the summary judgment briefing set forth in the Pretrial Scheduling Order pending resolution of Defendants' forthcoming motion to dismiss this action as moot.  (ECF No. 47 at 1.)  In its response, Plaintiff challenges the merits of Defendants' mootness argument and also argues there is no need for a motion to dismiss when a motion for summary judgment can sufficiently address the issue.  (ECF No. 50 at 2.)

The Court finds good cause exists because Defendants were diligent in promptly filing this application after attempts to reach a stipulated resolution with Plaintiff failed.  Within two weeks of the Court's April 24, 2020 order on their motion to dismiss, Defendants stated in the Joint Status Report that they were reviewing the June 9, 2015 decision and considering whether to

1  retract it.  (ECF No. 43 at 3.)  After they retracted the June 9, 2015 decision, Defendants asked
2  Plaintiff to stipulate to dismissal or to modify the scheduling order to stay the Administrative
3  Record and summary judgment briefing dates pending the Court's ruling on their motion to
4  dismiss.  After receiving no response, Defendants promptly filed this application.  Under these
5  circumstances, good cause exists for the Court to modify the Pretrial Scheduling Order because
6  Defendants were diligent in seeking such relief.

7  Moreover, good cause exists because "[m]ootness is a threshold jurisdictional issue." *S.*
8  *Pac. Transp. Co. v. Pub. Util. Com'n of State of Or.*, 9 F.3d 807, 810 (9th Cir. 1993) (citing *Sea-*
9  *Land Serv., Inc. v. ILWU*, 939 F.2d 866, 870 (9th Cir. 1991)).  The Supreme Court has
10 "repeatedly held that an actual controversy must exist not only at the time the complaint is filed,
11 but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90-91 (2013)
12 (internal quotations and citations omitted).  Here, the Court must decide whether this action is
13 now moot based on the Department's retraction of the June 9, 2015 decision before proceeding to
14 the merits of Plaintiff's claim on cross-summary judgment briefing.

15 Modification of the scheduling order also serves the interests of judicial economy and is
16 consistent with the Court's inherent power to control its docket.  *See United States v. W.R. Grace*,
17 526 F.3d 499, 509 (9th Cir. 2008) (citing *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.*,
18 146 F.3d 1071, 1074 (9th Cir. 1998)).  If the scheduling order deadlines are not stayed so that the
19 Court can determine whether it has jurisdiction to decide this case, its docket will be clogged with
20 a potentially unnecessary Administrative Record and briefing on the adequacy of the record,
21 Defendants' motion to dismiss, and the parties' cross-summary judgment motions on the merits
22 all at the same time.

23 Further, Plaintiff will suffer minimal prejudice from a stay of scheduling order deadlines
24 and, instead, will benefit from a stay.  Modification will avoid the significant time and expense
25 Defendants will incur in preparing the Administrative Record, and Plaintiff will incur in
26 reviewing the Administrative Record, filing any objections to the adequacy of the record, and
27 filing its summary judgment brief by August 7.  All of these actions will become unnecessary if
28 the Court finds the case is moot.

Accordingly, the Court finds good cause exists to modify the scheduling order pursuant to Rule 16. *See Johnson*, 975 F.2d at 609.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Ex Parte Application is hereby GRANTED. (ECF No. 47.) All dates and deadlines set forth in the Court's Pretrial Scheduling Order (ECF No. 44) are STAYED pending the Court's ruling on Plaintiff's motion to withdraw as counsel. (ECF No. 48.) Defendants shall file their motion to dismiss, or alternatively the parties shall file a joint status report should Defendants decline to file the motion dismiss, not later than fourteen (14) days after the electronic filing of the Court's order on the motion to withdraw.

IT IS SO ORDERED.

DATED: July 6, 2020

Troy L. Nunley
United States District Judge