UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSI AKIM MAIDU OF TAYLORSVILLE RANCHERIA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>Defendants. | No. 2:17-cv-01156-TLN-CKD<br><br>**ORDER** |

This matter is before the Court on Roia Shefayee's Motion to Withdraw as Counsel for Plaintiff Tsi Akim Maidu of Taylorsville Rancheria ("Plaintiff"). (ECF No. 48.) No opposition has been filed. For the reasons set forth below, the Court GRANTS Ms. Shefayee's motion.

The local rules of this district require an attorney who would withdraw and leave his or her client without representation to obtain leave of court upon a noticed motion. E.D. Cal. L.R. 182(d). Local Rule 182(d) also requires an attorney to provide notice to the client and all other parties who have appeared, and an affidavit stating the current or last known address of the client. *Id.* Finally, to comply with Local Rule 182(d), the attorney must conform to the requirements of the California Rules of Professional Conduct. *Id.*

///

The decision to grant or deny a motion to withdraw is within a court's discretion. *McNally v. Eye Dog Found. for the Blind, Inc.*, No. 09-cv-AWI-SKO-01174, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011). District courts within this circuit have considered several factors when evaluating a motion to withdraw, including the reason for withdrawal, prejudice to the client, prejudice to the other litigants, harm to the administration of justice, and possible delay. *See*, *e.g.*, *Deal v. Countrywide Home Loans*, No. 09-cv-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *CE Res., Inc. v. Magellan Group, LLC*, No. 08-cv-02999-MCE-KJM, 2009 WL 3367489, at *2 (E.D. Cal. Oct. 14, 2009); *Beard v. Shuttermart of Cal., Inc.*, No. 07-cv-00594-WQH-NLS, 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008).

Ms. Shefayee states that on May 12, 2020, Plaintiff informed her that it has retained new counsel, John Peebles. (ECF No. 48 at 2.) Ms. Shefayee states she reached out to Mr. Peebles and Plaintiff about the new counsel's appearance, but her communications to Plaintiff were not answered and Mr. Peebles is intentionally delaying appearing. (*Id.*) Ms. Shefayee also asserts Plaintiff explicitly informed her that she was to provide no further work in this case, and she has not communicated with Plaintiff since May 12, 2020. (*Id.*)

Ms. Shefayee moves to withdraw pursuant to California Rules of Professional Conduct 3-700. (*Id.*) California Rule of Professional Conduct 3-700(C)(1)(d) allows for withdrawal when a client's conduct "renders it unreasonably difficult for [counsel] to carry out the employment effectively." Here, Plaintiff explicitly directed Ms. Shefayee to cease working on this case, informed her it had retained new counsel, and stopped communicating with her after May 12, 2020. Ms. Shefayee argues that without Plaintiff's authorization, communication, and cooperation, she cannot provide proper representation. (*Id.*) The Court agrees. Absent any evidence or argument to the contrary, the Court concludes Plaintiff has rendered it unreasonably difficult for Ms. Shefayee to proceed as counsel. Therefore, the Court finds there is good cause for Ms. Shefayee to withdraw.

The Court also finds there is a low risk of prejudice if the motion is granted. Plaintiff has made it clear that it wishes to retain new counsel. Further, Defendants have not filed any opposition to this motion. As such, the risk of prejudice to Plaintiff and the other litigants is

minimal.  Lastly, the Court cannot identify any harm to the administration of justice or possible delay that would result from granting Ms. Shefayee's motion to withdraw.

     For the foregoing reasons, the Court hereby GRANTS the Motion to Withdraw.  (ECF No. 48.)  The Court notes that Ms. Shefayee failed to provide the Court with Plaintiff's current or last known address as required by Local Rule 182(d).  Therefore, Ms. Shefayee is ordered to serve Plaintiff with this Order.  Ms. Shefayee shall file within seven (7) days of this Order a proof of service with Plaintiff's address.  Additionally, Local Rule 183(a) states "[a] corporation or other entity may appear only by an attorney."  Because Plaintiff is a Native American tribe and not an individual, Plaintiff is barred from appearing in propria persona.  Accordingly, Plaintiff has thirty (30) days from the entry of this Order to acquire new representation and file a notice of appearance by new counsel.

     IT IS SO ORDERED.

DATED:  August 10, 2020

                                            Troy L. Nunley
                                            United States District Judge