McGREGOR W. SCOTT
United States Attorney
LYNN TRINKA ERNCE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2720
Facsimile:  (916) 554-2900

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSI AKIM MAIDU OF TAYLORSVILLE RANCHERIA,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR; DAVID BERNHARDT, in his official capacity as Secretary of the Interior; TARA KATUK MAC LEAN SWEENEY, in her official capacity as Assistant Secretary-Indian Affairs of the United States Department of the Interior; and DOES 1-100,<br><br>                    Defendants. | Case No. 2:17-cv-01156 TLN CKD<br><br>**JOINT STATUS REPORT; ORDER** |

The parties respectfully submit the following joint status report:

1.     On April 24, 2020, the Court ruled that this case will proceed as an Administrative Procedure Act judicial review case in the normal course only on plaintiff's challenge to the Department of the Interior's June 9, 2015 decision that plaintiff is ineligible for Part 83 acknowledgment. ECF 41.

2.     The Court ordered the parties to submit a Joint Status Report within 14 days after entry of its order on the motion to dismiss. *Id.* at 7.  The parties filed their report on May 7, 2020.  ECF 43.

3.     On May 15, 2020, the Court entered its Pretrial Scheduling Order, which set a deadline for Federal Defendants to lodge the administrative record and a briefing schedule on the parties' cross-summary judgment motions.  ECF 44.

4.      That same day, plaintiff's then-counsel, Roia Shefayee, filed a request to withdraw as counsel for plaintiff and to substitute attorney John Peebles in her place.  ECF 45.

5.      On May 28, 2020, the Department of the Interior notified plaintiff's counsel of record, Ms. Shefayee, that it had retracted the June 9, 2015 decision that plaintiff is ineligible for Part 83 acknowledgment and asked plaintiff to stipulate to dismiss this action as moot. ECF 47-1, ¶ 2.

6.      After receiving no response, Federal Defendants moved *ex parte* for an order staying the administrative record deadline and summary judgment briefing schedule until the Court ruled on their intended motion to dismiss the first amended complaint as moot.  ECF 47.

7.      Ms. Shefayee filed a motion to withdraw as counsel and an opposition to the *ex parte* application on June 30, 2020.  ECF 48, 50.  In their *ex parte* reply brief, Federal Defendants cited the uncertainty of plaintiff's representation status as an additional reason to stay the case schedule. ECF 51.

8.      The Court granted the *ex parte* application on July 8, 2020, stayed all deadlines pending its ruling on the motion to withdraw, and ordered Federal Defendants to file their motion to dismiss or, alternatively, a joint status report (if they decided not to file a motion to dismiss), not later than 14 days after the electronic filing of the Court's order on the motion to withdraw.  ECF 52.

9.      The Court granted the withdrawal motion on August 11, 2020, and gave plaintiff thirty days to find new counsel and file a notice of appearance.  ECF 54.  Under the *ex parte* order, Federal Defendants must file their motion to dismiss the first amended complaint by August 25, 2020.  ECF 52.

10.      John M. Peebles of Peebles Kidder Bergin & Robinson LLP filed a notice of appearance on August 20, 2020.  ECF 55.  Plaintiff's new counsel needs at least thirty days to get up to speed on the case and to decide with their client whether to seek leave of court to file a second amended complaint.

11.      Under these circumstances, the parties respectfully propose that the Court approve the following schedule:

- The August 25, 2020 deadline for Federal Defendants to move to dismiss the first amended complaint as moot is vacated.

- Plaintiff shall decide whether to seek leave to further amend its complaint and will notify Federal Defendants of its decision by no later than [September 18, 2020].  If plaintiff will seek leave to amend, it will send Federal Defendants its motion and

proposed second amended complaint demonstrating good cause[1] by September 18, 2020 so that they can determine whether they will oppose the motion.

- Plaintiff will set its motion on the Court's October 29, 2020 or November 12, 2020 civil law and motion calendar.

- If plaintiff chooses not to seek leave to amend, the parties will file a joint status report by October 2, 2020, which will include a proposed schedule for the case on the first amended complaint, including deadlines for Federal Defendants to lodge the administrative record and to move to dismiss the first amended complaint as moot.

Respectfully submitted,

DATED:  August 20, 2020

McGREGOR W. SCOTT
United States Attorney

*/s/ Lynn Trinka Ernce*
LYNN TRINKA ERNCE
Assistant United States Attorney
Attorneys for Federal Defendants

DATED:  August 20, 2020

PEEBLES KIDDER BERGIN
& ROBINSON LLP

/s/ John M. Peebles (authorized 8/20/20)
JOHN M. PEEBLES
Attorneys for Plaintiff

## ORDER

The Court, having reviewed the foregoing Joint Status Report and good cause appearing,

**IT IS SO ORDERED**.

DATED: August 21, 2020

Troy L. Nunley
United States District Judge

---

[1] *See* ECF 44 at 4 ("[P]ursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Pretrial Scheduling Order shall not be modified except by leave of court upon a showing of good cause"); *Id.* at 1 ("No . . . amendments to pleadings is permitted without leave of court, good cause having been shown").