UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TSI AKIM MAIDU OF TAYLORSVILLE RANCHERIA,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,

Defendants.

No. 2:17-cv-01156-TLN-CKD

**ORDER**

This matter is before the Court on Plaintiff Tsi Akim Maidu of Taylorsville Rancheria's ("Plaintiff") Motion to Amend. (ECF No. 58.) Defendants United States Department of the Interior, David Bernhardt, and Tara Katuk Mac Lean Sweeney (collectively, "Defendants") filed an opposition. (ECF No. 61.) Plaintiff filed a reply. (ECF No. 62.) For the reasons set forth below, the Court GRANTS Plaintiff's motion.

///

///

///

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount all background facts, as they are set forth fully in the Court's April 24, 2020 Order. (*See* ECF No. 41.) In short, Plaintiff sued Defendants pursuant to the Administrative Procedure Act ("APA") challenging (1) its loss of status as a federally recognized Indian tribe and (2) a 2015 decision that Plaintiff is ineligible to petition for acknowledgment under Part 83[1] (the "2015 decision"). (*Id.* at 7.) The Court previously dismissed Plaintiff's loss of tribal status claim as time-barred but allowed Plaintiff's claim as to the 2015 decision to proceed. (*Id.*) On May 28, 2020, Defendants sent a letter to Plaintiff retracting the 2015 decision (the "2020 retraction") and asked Plaintiff to stipulate to dismiss this action as moot. (ECF No. 57 at 2.) Instead of stipulating to dismissal, Plaintiff brought the instant motion to amend. (ECF No. 58.)

## II. STANDARD OF LAW

Granting or denying leave to amend a complaint rests in the sound discretion of the trial court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). When a court issues a pretrial scheduling order that establishes a timetable to amend, Federal Rule of Civil Procedure ("Rule") 16 governs amendments to the complaint. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the pretrial scheduling order. *Id.* The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* The focus of the inquiry is on the reasons why the moving party seeks to modify the complaint. *Id.* If the moving party was not diligent, then good cause cannot be shown, and the inquiry should end. *Id.*

---

[1] "When acknowledged, a tribe is added to the list of federally recognized tribes, which [the Department of the Interior] has published annually in the Federal Register since 1979." *Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1214 (9th Cir. 2019) (citing 25 C.F.R. § 83.6(a)). "Pursuant to the acknowledgment regulations — the Part 83 process — other tribes may petition to be added to the list." *Id.* (citing 25 C.F.R. § 83.5).

Even if the good cause standard is met under Rule 16(b), the Court has the discretion to refuse amendment if it finds reasons to deny leave to amend under Rule 15(a). *Johnson*, 975 F.2d at 610. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith[;] (2) undue delay[;] (3) prejudice to the opposing party[;] (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)).

## III. ANALYSIS

Plaintiff seeks leave to "revise, clarify, and elaborate" allegations related to the 2015 decision that have been affected by the 2020 retraction and also to challenge the 2020 retraction directly. (ECF No. 58-2 at 6.) The Court will address Rule 16 and Rule 15 in turn.

### A. Rule 16

Because the Pretrial Scheduling Order requires Plaintiff to show good cause to amend at this stage, Plaintiff must first meet Rule 16's good cause standard. (*See* ECF No. 44 at 1.)

Defendants make two separate arguments: (1) there is no good cause to modify the scheduling order to add a claim for the 2020 retraction because the 2020 retraction is not a final agency decision subject to judicial review under the APA; and (2) there is no good cause to modify the scheduling order to allow Plaintiff to elaborate on its claim regarding the 2015 decision because Plaintiff could have included the proposed allegations in earlier versions of the complaint. (ECF No. 61 at 4–6.)

Defendants' first argument regarding the claim for the 2020 retraction goes to futility under Rule 15, not diligence under Rule 16. The Court is not persuaded Plaintiff was not diligent in bringing this claim. To the contrary, Plaintiff brought this motion only three months after the 2020 retraction, during which time the case was stayed and Plaintiff acquired new counsel.

Defendants' second argument as to the claim for the 2015 decision does address diligence. In reply, Plaintiff vaguely argues "diligent review and new research related to this matter led to

discovery of documents not previously in Plaintiff's possession." (ECF No. 62 at 6.) Plaintiff also argues Defendants possessed these documents and it is unknown whether Defendants considered the documents when issuing the 2015 decision or 2020 retraction. (*Id.*) Plaintiff seems to concede these additional facts and documents were "in public record" and does not contest Defendants' assertion that the documents are "decades old." (*Id.* at 7.)

This is a very close call. Because the thrust of Plaintiff's argument seems to be that the 2020 retraction somehow modified the 2015 decision — and the Court has found Plaintiff was diligent in seeking leave to add the claim about the 2020 retraction — the Court finds Plaintiff was reasonably diligent in moving to amend such that Rule 16's good cause standard is satisfied. *See Johnson*, 975 F.2d at 609.

B. Rule 15

Defendants only address one Rule 15 factor: futility. (ECF No. 61 at 7.) A proposed amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). However, denial of leave to amend on this ground is rare. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.*

Defendants argue "it would be futile to allow amendment to add an APA claim on the 2020 retraction since that is not a final agency action subject to judicial review" and it would be futile to amend the claim as to the 2015 decision because that claim is already before the Court. (ECF No. 61 at 7–8.) In reply, Plaintiff argues amendment is not futile because the 2020 retraction is an agency action that impacted the 2015 decision already at issue in this suit. (ECF No. 62 at 3.)

It is unclear why Plaintiff seeks to challenge the 2020 retraction, which apparently benefits Plaintiff and arguably moots the case entirely. Put simply, to the extent Plaintiff challenges the 2015 decision that prevented it from petitioning for Part 83 acknowledgment, the 2020 retraction now allows Plaintiff to file a Part 83 petition. Plaintiff seems to believe that its

ability to engage in the Part 83 process is "illusory" because the 2020 retraction left intact a portion of the 2015 decision indicating that Plaintiff's federal relationship was terminated — which Plaintiff argues ultimately will preclude Part 83 acknowledgement. (ECF No. 58-2 at 11–12.) In opposition, Defendants argue such an argument is speculative and Plaintiff's "rights and obligations under Part 83 will not be determined until Plaintiff submits a [Part 83] petition and the Department makes its final agency decision on that petition." (ECF No. 61 at 6.)

Despite the Court's strong doubts about the viability of Plaintiff's claims, the Court declines to resolve these issues in ruling on the instant motion to amend. Based on the limited arguments and record before the Court, the Court cannot say that "no set of facts" could be alleged to state a plausible claim. *Miller*, 845 F.2d at 214.

Moreover, Defendants raise no arguments as to the remaining Rule 15 factors. Absent any argument or evidence to the contrary, the Court finds those factors weigh in favor of granting leave to amend. As to prejudice, which weighs most heavily in the Court's analysis, there is no indication Defendants will be prejudiced by the proposed amendments. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Accordingly, the Court GRANTS Plaintiff's motion.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend. (ECF No. 58.) The Court ORDERS Plaintiff to file an amended complaint not later than thirty (30) days from the electronic filing date of this Order. Defendants shall file a responsive pleading not later than twenty-one (21) days after the electronic filing date of Plaintiff's amended complaint.

IT IS SO ORDERED.

September 9, 2021

Troy L. Nunley
United States District Judge