UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TSI AKIM MAIDU OF TAYLORSVILLE RANCHERIA,<br><br>          Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, et al.,<br><br>          Defendants. | No. 2:17-cv-01156-TLN-CKD<br><br>**ORDER** |

     This matter is before the Court on Defendants United States Department of the Interior (the "Department"), Debra Haaland, and Bryan Newland's (collectively, "Defendants") Motion to Dismiss. (ECF No. 70.) Plaintiff Tsi Akim Maidu of Taylorsville Rancheria ("Plaintiff") filed an opposition. (ECF No. 71.) Defendants filed a reply. (ECF No. 73.) For the reasons set forth below, the Court DENIES Defendants' motion.

///
///
///
///
///
///

1

### I.      FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount all background facts, as they are set forth fully in the Court's April 24, 2020 Order. (*See* ECF No. 41.) In short, this case involves Plaintiff's efforts to establish itself as a federally recognized Indian tribe. (ECF No. 65 at 2.) Plaintiff challenges two of Defendants' decisions under the Administrative Procedure Act ("APA"). (*Id.*)

First, Plaintiff challenges a letter Defendants sent on June 9, 2015 ("2015 decision"). (*Id.*) The 2015 decision was issued in response to Plaintiff's request for clarification regarding its status as a federally recognized tribe. (ECF No. 13-1 at 4.) In the 2015 decision, Defendants stated that "because Congress terminated [Plaintiff], it cannot by acknowledged by the Department" under Part 83.[1] (*Id.*) Defendant further stated that "[t]he Department properly sold the Taylorsville Rancheria pursuant to the 1964 amendment to the California Rancheria Act" and the sale "qualifies as Congressional termination of the Federal relationship." (*Id.*)

Second, Plaintiff challenges a letter Defendants sent on May 28, 2020 ("2020 decision"). (ECF No. 65 at 2.) The 2020 decision rescinded a portion of the 2015 decision. (ECF No. 73 at 6.) Specifically, the 2020 decision asserts "the question of whether [Plaintiff] is eligible to pursue Part 83 acknowledgement should have been assessed by the Office of Federal Acknowledgement in the first instance." (*Id.*) The 2020 decision thus rescinded the portion of the 2015 decision indicating Plaintiff was ineligible to petition for acknowledgment under Part 83. (*Id.*) However, the 2020 decision stated it was not withdrawing any other portion of the 2015 decision, leaving intact the 2015 decision's conclusion that the sale of the Taylorsville Rancheria terminated Plaintiff's tribal status. (*Id.*)

Plaintiff filed the operative Second Amended Complaint ("SAC") on October 13, 2021. (ECF No. 65.) Defendants filed the instant motion to dismiss based on lack of jurisdiction on January 13, 2022. (ECF No. 70.)

---

[1] A tribe can be added to the list of federally recognized tribes pursuant to the Part 83 process. 25 C.F.R. § 83.5. The Department "reviews a Part 83 petition for recognition to determine whether the tribe can meet a list of criteria." *Agua Caliente Tribe of Cupeno Indians of Pala Rsrv. v. Sweeney*, 932 F.3d 1207, 1214 (9th Cir. 2019). Congress updated the Part 83 regulations on July 1, 2015. *Id.*

## II. STANDARD OF LAW

A motion under Federal Rule of Civil Procedure ("Rule") 12(b)(1) challenges a federal court's jurisdiction to decide claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1); *see also id.* at 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A court considering a motion to dismiss for lack of subject matter jurisdiction is not restricted to the face of the complaint and may review any evidence to resolve disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988); *see also Thornhill Pub. Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

## III. ANALYSIS

In moving to dismiss, Defendants make two main arguments: (1) the Court lacks jurisdiction to award the relief sought; and (2) the Court lacks jurisdiction to review the 2020 decision.[2] (ECF No. 70-1 at 3–6.) The Court will address each argument in turn.

### A. Jurisdiction Over Relief Sought

Defendants argue the Court cannot grant Plaintiff's request to place the tribe directly onto the list of federally recognized tribes or compel the Department to do so. (ECF No. 70-1 at 23 (citing ECF 65 at 31 ¶¶ I, J).) In support of this contention, Defendants cite *Agua Caliente Tribe*, 932 F.3d at 1207. (*Id.*)

In opposition, Plaintiff argues the remedy highlighted by Defendants is only one of fifteen remedies Plaintiff seeks that are reviewable by this Court. (ECF No. 71 at 5.) Plaintiff states the purpose of this action is to determine whether Defendants correctly interpreted the California Rancheria Act and the Court has jurisdiction to review this issue. (*Id.* at 8.)

In reply, Defendants admit the Court can review the issue of whether the Department incorrectly found that Congress terminated the tribe when the Rancheria was sold. (ECF No. 73

---

[2] Defendants also argue the Court should dismiss any rulemaking claims. (ECF No. 70-1 at 6.) Plaintiff in opposition clarifies that it is not pursuing rulemaking claims. (ECF No. 71 at 6.) Therefore, the Court need not and does not address Defendants' arguments on this issue.

at 3.) Defendants argue, however, that the Court lacks jurisdiction to order the Department to "immediately resume the conduct of government-to-government relations with Plaintiff," "to place Plaintiff on the list of federally recognized tribes," "to publish the placement of Plaintiff on the list in the Federal Register," or "to correct its administrative mistake." (*Id.* at 3–4.) Defendants argue that if the Court determines that the Department erred, the appropriate course of action for the Court is to set aside the decision and remand to the agency.³ (*Id.* at 5.)

The Court is not convinced that *Agua Caliente Tribe* requires dismissal. In *Agua Caliente Tribe*, a tribe sought to compel the Department to place it on a list of federally recognized tribes. 932 F.3d at 1209. The district court granted summary judgment in favor of the Department because the tribe failed to exhaust administrative remedies by proceeding through the Part 83 process. *Id.* The Ninth Circuit affirmed. *Id.* While *Agua Caliente Tribe* seems to foreclose the Court from compelling the Department to include Plaintiff on the federally recognized tribes list, Plaintiff correctly points out that — unlike the plaintiff in *Agua Caliente Tribe* — it seeks other forms of relief as well. (ECF No. 65 at 29–32 (seeking declaratory relief and an order vacating Defendants' decisions).) Indeed, Defendants admit that the Court can rule on the issue of whether the Department incorrectly found that Congress terminated the tribe when the Rancheria was sold and may ultimately set aside and remand that decision. (ECF No. 73 at 3.) The Court notes that *Agua Caliente Tribe* suggests Plaintiff eventually must petition under Part 83 to attain federal recognition, even if the Court finds the Department erred in concluding Plaintiff's tribal status was terminated. 932 F.3d at 1217 (rejecting the plaintiff's argument that it could bypass the Part 83 process because "[a] plain reading of the Part 83 regulations makes no exceptions for tribes that establish an unsevered relationship with the federal government"). It also bears mentioning that the factual record that could be developed through the Part 83 process "would aid any future judicial review." *Id.* at 1219. Nevertheless, Defendants fail to persuade the Court that the case

---

³ Defendants alternatively request the Court vacate the challenged portion of the 2015 decision and dismiss the action "to ensure the issue will receive de novo review by the Department within the context of [Plaintiff's] documented Part 83 petition." (ECF No. 70-1 at 2; ECF No. 73 at 5.) Plaintiff does not contest this alternative in its opposition. However, Defendants fail to provide authority that would allow the Court to vacate the agency's decision without first determining that the decision was unlawful.

4

should be dismissed for lack of jurisdiction at this stage.

Accordingly, the Court DENIES Defendants' motion to dismiss based on lack of jurisdiction over the relief sought.

### B. Jurisdiction Over the 2020 Decision

Defendants next argue the 2020 decision is not a final agency action subject to APA review because it is not the consummation of the agency's decision-making process. (ECF No. 70-1 at 5.) Defendants also argue the 2020 decision did not inflict an injury on Plaintiff and instead benefits Plaintiff by allowing it to file a Part 83 petition. (*Id.* at 6.) In opposition, Plaintiff states "whether the [2020 decision] is final or otherwise is only consequential in so far as [Defendants] rely on it to reach its conclusion that the Tribe is terminated. In other words, in so far as the 2020 [decision] interprets the California Rancheria Act it is subject to judicial review." (ECF No. 71 at 12.) Plaintiff further argues that "[a]n unlawful interpretation of the California Rancheria Act constitutes concrete injury." (*Id.* at 8, 13.)

"To maintain a cause of action under the APA, a plaintiff must challenge 'agency action' that is 'final.'" *Wild Fish Conservancy v. Jewell*, 730 F.3d 791, 800 (9th Cir. 2013) (citing *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 61–62 (2004)). For an agency's action to be final, two conditions must be met. "First, the action must mark the consummation of the agency's decision-making process — it must not be of a merely tentative or interlocutory nature." *Bennett v. Spear*, 520 U.S. 154, 177–78 (1997) (citation and quotation marks omitted). "[S]econd, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id.* (citation and quotation marks omitted).

The facts before the Court support the conclusion that Defendants reached a definite position in the 2020 decision and determined Plaintiff's rights and obligations by allowing Plaintiff to pursue the Part 83 process. However, the specific question of whether the 2020 decision, like the 2015 decision, involved an agency interpretation of the California Rancheria Act that harmed Plaintiff requires a review of the administrative record. *Friends of the River v. U.S. Army Corps of Engineers*, 870 F. Supp. 2d 966, 976 (E.D. Cal. 2012) ("Determining whether [the challenged actions] are final agency actions in the instant case requires a review of the full

administrative record, because . . . 'the question of jurisdiction is dependent on the resolution of factual issues going to the merits' of [the] action."); *Doe #1 v. Trump*, 423 F. Supp. 3d 1040, 1046 (D. Or. 2019) ("Without production of the administrative record, it will be difficult conclusively to determine whether the agency action was final.").

Therefore, the Court DENIES Defendants' motion to dismiss based on lack of jurisdiction over the 2020 decision.

### IV.  CONCLUSION

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss.  (ECF No. 70.)  The parties are ORDERED to file a Joint Status Report not later than thirty (30) days from the electronic filing date of this Order, proposing deadlines for the Department to prepare and file its administrative record and for briefing on cross-summary judgment motions.

IT IS SO ORDERED.

**DATED: July 18, 2022**

Troy L. Nunley
United States District Judge